UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA JEFFERIES,

                  Plaintiff,

vs.                                        Case No.   2:06-cv-240-FtM-29SPC

THE SCHOOL BOARD OF COLLIER COUNTY,
FLORIDA,

                  Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. #9) filed on May 31, 2006. Plaintiff also filed a Complaint seeking injunctive relief and damages on May 11, 2006.

**I.**

Plaintiff alleges in her Complaint that she was diagnosed with a serious health condition, as defined by 29 U.S.C. § 2611(11), in January 2005. Specifically, plaintiff asserts that she has vasculitis. In February 2005, she requested leave under the terms of 29 U.S.C. § 2612 from defendant-employer the School Board of Collier County, Florida. That request was denied. The employer explained that plaintiff was not eligible because she failed to work 1,250 hours in the previous 12 months. Plaintiff, however,

claims that she was not subject to the 1,250 hour-requirement and that she was wrongfully denied leave.  In support, plaintiff attaches a copy of a correspondence addressing such requirement from the United States Department of Labor.

Additionally, on January 12, 2006, plaintiff's supervisor notified plaintiff that the supervisor intended to recommend to the Superintendent that plaintiff be terminated from the Collier County Public Schools.  (Doc. # 9-3, Exh. B.)  On January 17, 2006, plaintiff was "informed by a healthcare provider that she was no longer receiving health care benefits."  (Doc. #1, p. 4.)

**II.**

Plaintiff seeks a temporary restraining order directing "defendant to grant leave to plaintiff pursuant to 29 U.S.C. § 2612(a)(1) for ten (10) days or until such time as a motion for preliminary injunction may issue, and to temporarily reinstate plaintiff's health insurance coverage as it existed prior to the denial of leave, pursuant to [29] U.S.C. § 2612(a)(2)."  (Id. at 4.)  The motion is supported by an affidavit and other exhibits.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any.  See Local Rules, 4.05(b)(4).  Plaintiff asserts that the applicable federal

regulation provides an exception for full-time teachers, who are considered FLSA-exempt employees, to the 1,250 hour-requirement, and that such condition does not apply to her.  The Court disagrees.  The regulation does not carve an exception to the 1,250 hour-requirement for the FLSA-exempt employees.  A careful review of Exhibit C shows that it is presumed the 1,250 hour-requirement has been satisfied for FLSA-exempt employees.  Based on the allegations, it is unclear whether the plaintiff could show that employer could rebut the presumption plaintiff worked 1,250 hours.  Consequently, plaintiff cannot show a substantial likelihood of success on the merits.  In failing to satisfy this element, the Court finds that plaintiff has not satisfied this burden, and therefore, denies the request for a temporary restraining order.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Temporary Restraining Order (Doc. #9) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of June, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record