UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA JEFFERIES,

          Plaintiff,

vs.   Case No.   2:06-cv-240-FtM-29SPC

THE SCHOOL BOARD OF COLLIER COUNTY,
FLORIDA,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant, The School Board of Collier County, Florida's Motion to Dismiss Plaintiff's Amended Complaint for Negligent Retention (Doc. #20) filed on July 12, 2006.  Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Complaint for Negligent Retention (Doc. #24) was filed on July 25, 2006.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).  The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint.  Marsh, 268 F.3d at 1036 n.16.  While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests.  Dura Pharm., Inc. V. Broudo, 125 S. Ct. 1627, 1634 (2005).

**II.**

Defendant seeks dismissal of Count III, which alleges a claim of negligent retention based upon the conduct of Marie Irwin, who allegedly was negligent by giving plaintiff incorrect information concerning the Family and Medical Leave Act.  Defendant argues that Count III fails to state a claim and would violate Florida's "impact rule."  The Court agrees with both arguments.

Florida has long recognized a cause of action for negligent retention or supervision.  Mallory v. O'Neil, 69 So. 2d 313 (Fla. 1954).  "Liability for negligent supervision or retention . . .

occurs after employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as investigating, discharge, or reassignment." Malicki v. Doe, 814 So. 2d 347, 362 n.15 (Fla. 2002). The only facts set forth in the Amended Complaint to establish that defendant knew or should have known of its employee's alleged incompetence relate to information given to plaintiff. Obviously, defendant could not have taken any corrective action if this was the first notice it had of the employee's incompetence. Indeed, the Amended Complaint only alleges that the employee "was apparently unaware" of the FMLA presumption. (Doc. #16, ¶ 36). The next two paragraphs make only conclusory statements which are insufficient. In the absence of some factual allegations showing defendant was on notice prior to the events relating to plaintiff, plaintiff does not state a cause of action for negligent retention.

Additionally, County III is barred by the Florida impact rule. The damages for emotional distress must flow from a physical injury sustained by physical impact. Southern Baptist Hosp. of Fla., Inc. v. Welker, 908 So. 2d 317, 320 (Fla. 2005)("[B]efore a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.")(internal quotation marks and citations omitted). Conclusory claim that plaintiff experienced physical manifestations of pain and suffering as a result of defendant's negligence, as opposed to her underlying

-3-

medical condition, are not sufficient to allege a physical impact.

Accordingly, it is now

**ORDERED:**

Defendant, The School Board of Collier County, Florida's Motion to Dismiss Plaintiff's Amended Complaint for Negligent Retention (Doc. #20) is **GRANTED,** and Count III is dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of August, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record