UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA JEFFRIES,

        Plaintiff,

vs.                                   Case No. 2:06-cv-240-FtM-29SPC

THE SCHOOL BOARD OF COLLIER COUNTY,
FLORIDA,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #48) filed on April 17, 2007. Plaintiff filed a response (Doc. #54) on May 21, 2007. Also before the Court are: (1) plaintiff's Motion for Partial Summary Judgment (Doc. #59) filed August 1, 2007; and (2) defendant's Cross Motion for Summary Judgment (Doc. # 64) filed on August 15, 2007.

     As a preliminary matter, the Court notes that the three pending motions all relate to the issue of whether plaintiff was an "eligible employee" under the Family Medical Leave Act (FMLA). The Court finds that the issue is better addressed under FED. R. CIV. P. 56, so it can consider the deposition transcripts as well as the affidavits filed in the case. Therefore defendant's Motion to Dismiss is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of

the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

The summary judgment facts are as follows: plaintiff was a teacher for Collier County public schools. In early 2005, she was diagnosed with a serious health condition as defined by 29 U.S.C. § 2611(11). (Doc. #43, ¶8.) On December 2, 2005 plaintiff requested FMLA leave. (Doc. #43, p. 7.) According to Marie Irwin, a human resource generalist for the Collier County School Board, plaintiff only worked 967.50 hours in the twelve months preceding her FMLA leave request. (Doc. #43, p. 16.) Defendant therefore denied the request, citing plaintiff's failure to work 1,250 hours in the preceding twelve months. (Id. at 11.) As a result, plaintiff filed the instant action asserting that she met the 1,250 hour requirement because of her out-of-class work, and therefore defendant interfered with her FMLA rights. (Doc. #43.)

## III.

The FMLA provides "eligible employees", among other rights, with up to twelve weeks of unpaid leave if a serious medical condition makes the employee unable to perform the functions of his or her position as an employee. See 29 U.S.C. § 2612(a)(1)(D). An eligible employee is defined under 29 U.S.C. § 2611(2)(A) as an employee who has been employed for at least twelve months by the employer and has completed at least 1,250 "hours of service" with

that employer during the previous twelve month period.  In calculating the "hours of service," the FMLA incorporates by reference the legal standards of the Fair Labor Standards Act (FLSA).  <u>See</u> 29 U.S.C. § 2611(2)(C).  Under the FLSA, only hours that are actually worked count towards an employee's "hours of service" requirement.  29 U.S.C. § 207(e)(2).  The FLSA implementing regulations clarify that "periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked."  29 C.F.R. § 785.16(a); <u>see also</u> <u>Plumley v Southern Container, Inc.</u>, 303 F.3d 364, 372 (1st Cir. 2002)(holding "that hours of service, as those words are used in the FMLA, include only those hours actually worked in the service and at the gain of the employer.")

The determination of the "hours of service" is not limited by the methods used by the employer to track an employees hours.  <u>See</u> 29 C.F.R. § 825.110(c).  "[If] an employer does not maintain an accurate record of hours worked by an employee . . . the employer has the burden of showing that the employee has not worked the requisite hours."  <u>Id.</u>  Full time teachers are regarded as having met the 1,250 hour requirement.  "An employer must be able to clearly demonstrate that [a teacher] did not work 1,250 hours during the previous twelve months in order to claim that the teacher is not eligible for FMLA leave."  <u>Id.</u>

**IV.**

There is no dispute that plaintiff was employed as a full time teacher for the twelve months preceding her request for FMLA leave. Both parties filed motions for partial summary judgment on the issue of whether plaintiff has met the 1,250 "hours of service" requirement under the FMLA.

Plaintiff asserts that she is entitled to summary judgment because defendant has failed to rebut the presumption that she met the 1,250 hour requirement. Specifically, plaintiff asserts that Irwin's testimony, wherein she admitted that plaintiff's out-of-class work time was not used to calculate the total hours worked, establishes that the school records are inaccurate. (Doc. #59, pp. 5-6.) Furthermore, plaintiff argues that even if the Court found that the defendant maintained accurate records, defendant has failed to clearly demonstrate the plaintiff did not work a total of 1,250 hours and hence summary judgment should be entered in her favor. (Doc. #59, pp. 4-6.)

Conversely, defendant argues that it is entitled to summary judgment because plaintiff failed to work the necessary hours between December 6, 2004 and December 5, 2005. (Doc. #64, pp. 10-11.) Defendant asserts that plaintiff only worked 967.5 hours in the twelve months preceding her leave request. Defendant asserts that the hours of service figure of 967.5 is accurate because under the Collective Bargaining agreement, "a teacher is relieved from duty and is thus considered off duty." Therefore, any out-of-class

hours worked by plaintiff could not have been included in the calculation of her "hours of service." (Id. at p. 4, 13.) In the alternative, defendant argues that plaintiff never provided any documentation relating to her out-of-class work, and hence "no jury could reasonably conclude that she had 1,250 hours of evidence." (Id.)

Upon due and careful consideration of the record, the Court finds that summary judgment is not appropriate in favor of either party. As a full time teacher, plaintiff enjoys a rebuttable presumption that she has met the 1,250 hours of service retirement under the FMLA. Defendant's argument that plaintiff never provided a log of her out-of-class hours is insufficient to rebut the presumption because defendant had no policy requiring teachers to maintain such records. (Doc. # 59-2, p. 9.) However, defendant's argument that plaintiff's out-of-class work hours constituted volunteer time under the CBA casts doubt on whether plaintiff is an "eligible employee" under the FMLA. The Court notes that both parties' filings reference the CBA, however neither party filed a copy with the Court. (Docs. #64, p. 13; #66, p. 3.) Therefore, the Court cannot determine which party's interpretation of the CBA is correct. Hence, the Court finds there are genuine issues of material fact that preclude summary judgment.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #48) is **DENIED**.

2.   Plaintiff's Motion for Partial Summary Judgment (Doc. #59) is **DENIED**.

3.   Defendant's Cross Motion for Summary Judgment (Doc. #64) is **DENIED**.

4.   Defendant's Motion to Extend Time to File Dispositive Motions (Doc. #60) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of October, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record