**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MELISSA JEFFRIES,

Plaintiff,

-vs- Case No. 2:06-cv-240-FtM-29SPC

THE SCHOOL BOARD OF COLLIER COUNTY, FLORIDA,

Defendant.

---

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff Melissa Jeffries' Affidavit Construed as a Motion for Leave to Appeal *In Forma Pauperis* (IFP) (Doc. #135) filed on July 11, 2008. The Plaintiff moves the Court to reopen her case and allow her to file an appeal IFP.

## FACTS AND PROCEDURAL HISTORY

On February 28, 2008, the Plaintiff filed a Notice of Settlement (Doc. # 120). Based upon the Plaintiff's representation that a settlement had been reached, the District Court Administratively closed the case for sixty (60) days. (Doc. # 121). On April 17, 2008, the Plaintiff's Counsel Samuel Gold moved to withdraw from the case which was subsequently granted by the undersigned. (Doc. # 124). The Plaintiff was then given until May 28, 2008, to either find new counsel or inform the Court that she had chosen to proceed *pro se*. The administrative closure was extended up to and including the May 28, 2008 deadline.

On June 12, 2008, the District Court issued an Order (Doc. # 129) closing the case and entering judgment in favor of the Defendant. The Court noted the Plaintiff was allowed up to and including May 28, 2008, to inform the Court that she was proceeding *pro se* or that she had found new counsel. The Plaintiff did neither, therefore, the Court dismissed the case with prejudice. The Plaintiff now moves the Court to reopen the case (Doc. # 134) and wishes to proceed *pro se*. On July 15, 2008, the District Court referred the matter to the undersigned Magistrate Judge for a hearing and a Report and Recommendation (R & R) (Doc. # 135) regarding the Plaintiff's IFP request. A hearing was held before the undersigned on August 14, 2008. The Plaintiff was present in person for the hearing. Attorney Carlos Mustelier was present on the phone and represented the School Board of Collier County. Attorney Samuel Gold, former counsel for the Plaintiff, was present on the phone and participated as an Interveanor.

**DISCUSSION**

The Plaintiff seeks to proceed in forma pauperis under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that it lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Thus, the Court must first look to see if the Plaintiff meets the indigent qualification, and then the Court must determine if there is good faith grounds for the appeal.

*(1) Whether the Plaintiff meets the Financial Qualifications to Proceed IFP*

At the hearing, the Plaintiff presented evidence to support her request for IFP. The Plaintiff is currently unemployed, although her Affidavit (Doc. # 35) filed on July 11, 2008, reports she made $6000.00 over the last twelve (12) months being self-employed. The Plaintiff testified that she drives a late model vehicle worth approximately $500.00, and is the primary support for her two (2) children. The Plaintiff further testified that she has $723.19 in her savings and only $28.39 in her checking account. The Plaintiff's Affidavit(Doc. # 135) states that she has $1,500.00 total in banks or financial institutions and/or savings accounts. The Plaintiff testified that she occasionally received help from members of her family. This was on an inconsistent basis. Her Affidavit (Doc. # 35) states the Plaintiff received approximately $1000.00 from family members over the last twelve (12) months. The Plaintiff also testified that her ex-husband was ordered to pay child support, but that his child support payments are currently in arrears. Thus, based upon her testimony and the evidence presented in her Affidavit, this Court suggests the Plaintiff is indigent and should be allowed to proceed with her appeal.

*(2) Whether the Appeal is Frivolous*

Despite the fact that the Plaintiff's Affidavit reveals that she has insufficient resources to conduct the litigation, the Plaintiff should not be permitted to proceed IFP on appeal because she presents no legal or factual basis to appeal the Court's decision. Under 28 U.S.C. § 1915, "[a]n appeal may not be taken IFP if the trial court certifies in writing that it is not taken in good faith."Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D.Fla.,1999) (citing 28 U.S.C. § 1915(a)(3)); Petrano v. Vessel Mistress, 2007 WL 294234 *1 (M.D. Fla. January 29, 2007). Congress also mandates that the Court shall dismiss a case at any time that it determines that the

action or appeal taken IFP is frivolous or malicious. Busch, 189 F.R.D. at 691 (citing 28 U.S.C. § 1915(e)(2)(B)(I)). Section 1915(e), 18 U.S.C., provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Busch, 189 F.R.D. at 691 (citing 28 U.S.C. § 1915(e)(2)).

Rule 24(a) of the Rules of Appellate Procedure provides:

> [l]eave to Proceed on Appeal *in Forma Pauperis* From District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave so to proceed, together with an affidavit showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.

Busch, 189 F.R.D. at 691.

The Plaintiff presented no good faith reason to appeal the Court's decision. Good faith is demonstrated when an appellant seeks review of any issue that is not frivolous. Busch, 189 F.R.D. at 692 (citing Coppedge v. U.S., 369 438, 82, S. Ct. 917, 8 L. Ed. 2d 21 (1962)). A frivolous claim is one that lacks an arguable basis in either law or in fact. Petrano, 2007 WL 294234 at *1. (citing

Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.),*cert. denied*, 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001) (citations omitted)). If factual allegations are "clearly baseless" or the legal theories presented are "indisputably meritless," a claim is frivolous. Petrano, 2007 WL 294234 at *1.

At the IFP hearing, the Plaintiff never stated why she wanted to appeal the Court's decision. In fact, the Plaintiff has never stated any grounds or reasoning on which to base her appeal. The Plaintiff filed paperwork with this Court stating the case settled, she was represented by counsel during the settlement negotiations, and yet, she never signed the settlement agreement. The Court allowed the Plaintiff sixty (60) days to confirm or repudiate the settlement agreement between herself and the Collier County School Board. The Plaintiff was cautioned that the case would be dismissed with prejudice at the end of the sixty (60) day period if no further action was taken. Even though the Plaintiff was cautioned that her case would be dismissed in sixty (60) days, the Court allowed an extra thirty (30) days to confirm or repudiate the settlement and to proceed forward *pro se* or to obtain new counsel due to her counsel withdrawing from the case. The Plaintiff failed to comply with the Court's orders and made no attempt to proceed in any way or manner.

It is clear from the record the Plaintiff was given ample opportunity to prosecute her case or to settle the matter while represented by counsel. The Plaintiff had ample opportunity to prosecute or settle the case while *pro se.* The Plaintiff had further been given opportunity to present any evidence or arguments to support her IFP appeal. Yet the Plaintiff's Motion and testimony from the IFP hearing lacked any grounds, legal or factual, to support the IFP appeal. Thus, the Court respectfully recommends the Plaintiff's Motion to Proceed on Appeal IFP is frivolous and not made in good faith.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Melissa Jeffries' Affidavit Construed as Motion for Leave to Appeal *In Forma Pauperis* (Doc. #135) should be **DENIED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Respectfully recommended at Fort Myers, Florida, this  21st  day of August, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record